Filed 1/21/15  P. v. Sarmiento CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>AUGUSTO SARMIENTO, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B254662<br>(Super. Ct. No. A387887)<br>(Los Angeles County) |

Appellant Augusto Sarmiento challenges the trial court's denial of his petition for a certificate of rehabilitation and pardon.  (Pen. Code, § 4852.01.)[1]  Three decades ago, he was convicted of multiple counts of lewd behavior with a minor.  (§ 288, subd. (a).)  At the time of his conviction, section 288 offenders were among those eligible to seek a certificate of rehabilitation and pardon.  In 1997, the Legislature amended the statute to exclude them.[2]  Appellant contends that the 1997 amendment violates the equal protection and ex post facto clauses of the federal and California Constitutions and that his previous counsel rendered ineffective assistance by failing to follow through on his petition for rehabilitation filed five years before the amendment came into effect.  We affirm.

---

[1] All statutory references are to the Penal Code unless otherwise stated.
[2] The amendment became effective on January 1, 1998.  (*People v. Ansell* (2001) 25 Cal.4th 868, 877-878.)

FACTS AND PROCEDURAL HISTORY[3]

On four separate occasions in 1982, appellant took different boys to isolated locations in Los Angeles County. On three of these occasions, appellant showed the boy magazines and photographs depicting nude and semi-nude adult males, including himself, engaged in sadomasochistic acts while bound with a variety of restraints. Appellant undressed the boy down to his undershorts and they took turns restraining each other with ropes and handcuffs. On one of these occasions, appellant ejaculated after rubbing against a pole. On the fourth occasion, appellant tied the boy's hands behind his back against his will, hoisted him off the ground approximately three feet, and photographed him.

Pursuant to a guilty plea, appellant was convicted of multiple counts of lewd behavior with a minor. He was sentenced to state prison for a term of six years. The trial court suspended execution of sentence and placed appellant on formal probation for five years with terms and conditions including that he serve 364 days in county jail, the imposition of which was stayed. In 1988, after appellant had successfully completed the terms of his probation, the court terminated it and dismissed his case. Appellant has never been charged with or convicted of any other felony.

In 1993, appellant retained attorney Scott Furstman to obtain a certificate of rehabilitation and pardon. At the time, appellant met all of the requirements, though the relief he sought ultimately rested in the trial court's discretion. Furstman filed a petition on appellant's behalf but failed to attend a mandatory hearing, and the trial court never granted the certificate. Appellant incorrectly believed that Furstman had completed the process. In 2012, when appellant lost his 26-year job at the University of Southern California and began searching for new employment, he discovered that Furstman had abandoned his case.

Appellant subsequently filed a combined petition to reduce a felony to a misdemeanor (§ 17), petition for relief from sex offender registration (§ 290.5), and

---

[3] Although there are gaps in the record, we assume the following facts to be true for the purpose of this appeal.

2

petition for certificate of rehabilitation and pardon. The trial court denied the petition for certificate of rehabilitation and pardon, finding him ineligible for relief under the 1997 amendment to section 4852.01. Appellant challenges this ruling.

DISCUSSION

*Equal Protection*

Appellant contends that section 4852.01 violates equal protection because it renders persons who violate section 288, subdivision (a),[4] ineligible for a certificate of rehabilitation and pardon but allows persons who violate section 288.7[5] to obtain one.[6] According to appellant, the two groups of offenders are similarly situated because they commit identical offenses except for the victims' ages and section 288.7 is "[a]rguably . . . [a] worse crime[]." We need not decide whether they are similarly situated because we agree with the People that section 288.7 offenders are currently ineligible for a certificate of rehabilitation and pardon.

Section 4852.01's process for obtaining a certificate of rehabilitation and pardon does not apply to certain groups of offenders. Of relevance here, it does not apply to "persons convicted of a violation of . . . Section 288" or "persons serving a mandatory life parole." (*Id.* at subd. (d).) The parties dispute whether section 288.7 is an offense that carries mandatory lifetime parole.

At the time of the trial court's ruling, the relevant statute listed five criteria triggering mandatory lifetime parole: "**[I]n the case of any inmate sentenced to a life term under** [1] subdivision (b) of Section 209, if that offense was committed with the intent to commit a specified sexual offense, **[2] Sections 269 and 288.7**, [3] subdivision

---

**4** Section 288, subdivision (a), punishes "any person who willfully and lewdly commits any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child."

**5** Section 288.7 punishes "[a]ny person 18 years of age or older who engages in sexual intercourse or sodomy [or oral copulation or sexual penetration] with a child who is 10 years of age or younger."

**6** As we will discuss, amended versions of section 4852.01 and related section 3000.1 took effect on January 1, 2015. We analyze the versions in effect at the time of the trial court's ruling that appellant is ineligible for a certificate of rehabilitation and pardon.

3

(c) of Section 667.51, [4] Section 667.71 in which one or more of the victims of the offense was a child under 14 years of age, or [5] subdivision (j), (l), or (m) of Section 667.61, **the period of parole, if parole is granted, shall be the remainder of the inmate's life.**"[7] (Former § 3000.1, subd. (a)(2), boldface added.) We agree with appellant that former section 3000.1's clear and unambiguous language does not impose lifetime parole upon violators of section 288.7 unless they also violate section 269.

We agree with the People, however, that such a literal interpretation cannot stand. Where, as here, applying a statute's plain meaning would lead to an absurd result, the legislative intent must prevail. (*People v. King* (1993) 5 Cal.4th 59, 69.)

The offense set forth in section 288.7 was added by the Legislature in 2006. In 2010, the Legislature amended section 3000.1 to "require lifetime parole for . . . persons convicted of . . . specified sex crimes, including . . . aggravated sexual assault of a child," i.e., section 269. (Legis. Counsel's Dig., Assem. Bill No. 1844 (2009-2010 Reg. Sess.) Stats. 2010, ch. 219.) Thus, the Legislature intended for section 269 offenders to receive lifetime parole, regardless of whether they also violated section 288.7. Conversely, the Legislature's decision to impose lifetime parole on section 288.7 offenders was independent of whether such persons also violated section 269. However, both the 2006 legislation adding section 288.7 and the 2010 amendment to section 3000.1 "'failed to make sufficient conforming changes'" and "'unintentionally allowed [adults convicted of section 288.7] to apply for a rehabilitation certificate.'" (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.) as amended June 3, 2014.)

Even if the Legislature had not stated its intent, there is no logical reason it would have imposed lifetime parole on persons who violated both sections 269 and 288.7 but not on persons who violated just one of them. Although both crimes punish persons who engage in sexual intercourse or sodomy with a child, their focus is different. Section 269 establishes longer sentences for the use of force or coercion. While the victim must

_____

[7] Section 269 punishes various acts constituting aggravated sexual assault of a child.

4

be no more than 14 years old and at least seven years younger than the perpetrator, the perpetrator need not be an adult. Section 288.7 provides longer sentences where there is an extreme age differential between the perpetrator and the victim. Regardless of whether force or coercion is used, section 288.7 applies if the perpetrator is at least 18 years old, *i.e.*, an adult, and the victim is no more than 10 years old. Since sections 269 and 288.7 are treated as aggravated offenses for independent reasons, it would serve no purpose to impose lifetime parole only if both crimes are violated.

Thus, the use of conjunctive language in the 2010 version of section 3000.1--"Sections 269 *and* 288.7" (§ 3000.1, subd. (a)(2), italics added)--was a simple drafting error. To afford the statute its proper meaning, the word "and" should be replaced with "or." Recognizing this error,[8] the Legislature recently amended the statute in just that way. In the same legislation, which took effect on January 1, 2015, the Legislature amended section 4852.01 by adding section 288.7 to the list of crimes explicitly ineligible for a certificate of rehabilitation and pardon. (See §§ 3000.1, subd. (a)(2), 4852.01, subd. (d), as amended by Stats. 2014, ch. 280.)

Because both persons who violate section 288, subdivision (a), and persons who violate section 288.7 are ineligible for a certificate of rehabilitation and pardon, there is no differential treatment and no equal protection violation. (*People v. Crosswhite* (2002) 101 Cal.App.4th 494, 505.)

*Ineffective Assistance of Counsel*

Appellant contends that Furstman provided ineffective assistance of counsel by failing to obtain a certificate of rehabilitation and pardon while he was still eligible. California provides a statutory right to counsel in these proceedings.

---

**8** The Legislature expressly rejected the holding in *People v. Tirey* (2014) 225 Cal.App.4th 1150, review granted August 20, 2014, S219050, upon which appellant relies, that "the Legislature intended to apply a lifetime parole provision to those who were convicted of violating both sections 269 and 288.7, not to those who were convicted of one or the other." (See Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1438 (2013-2014 Reg. Sess.) as amended June 3, 2014.)

(§ 4852.04.) In general, "the statutory . . . right to appointed counsel necessarily includes the right to effective counsel under the Constitution's due process clause." (*Michelle K. v. Superior Court* (2013) 221 Cal.App.4th 409, 450.) We need not decide whether due process required effective counsel here because, assuming it did, appellant fails to demonstrate entitlement to relief. To prevail, appellant must show that "counsel did not act in a manner expected of reasonably competent attorneys and the error was prejudicial." (*In re O.S.* (2002) 102 Cal.App.4th 1402, 1407.)

Here, appellant fails to show prejudice. The trial court stated in no uncertain terms that it planned to deny appellant's petition on the merits if we conclude that he is statutorily eligible for relief. It stated that the facts of this case make it more egregious than the typical section 288, subdivision (a), case and, for that reason, it was "not inclined to grant the petition."[9] Remand would therefore be futile.

### *Ex Post Facto*

Lastly, appellant asserts that the 1997 amendment rendering him ineligible for a certificate of rehabilitation and pardon is an unconstitutional ex post facto law. This argument is foreclosed by *People v. Ansell*, *supra*, 25 Cal.4th at page 893 [holding that "the amendment to section 4852.01(d) does not impose punishment or otherwise implicate ex post facto concerns"]. Although appellant attempts to distinguish *Ansell* on the basis that he first applied for a certificate of rehabilitation and pardon *before* the effective date of the 1997 amendment whereas Ansell applied *after* it, that is a distinction without a difference. As *Ansell* explained, the 1997 amendment's application is plainly unqualified: "No one who has *ever* been convicted of a specified offense can use the

---

[9] The People argue that this appeal is moot because the trial court ruled in the alternative that it would deny relief on the merits if appellant were eligible. The trial court did not so rule. It denied the petition on the sole ground that "the statute doesn't apply" to appellant. The court informed the parties that it would consider the merits of the petition only if its eligibility ruling were reversed on appeal.

statutory scheme to request or receive a certificate of rehabilitation *with the amended statute in effect*."  (*Id.* at p. 881, italics added.)

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

7

Charlaine F. Olmedo, Judge

Superior Court County of Los Angeles

_____

Ahrony, Graham & Zucker, Orly Ahrony, Chris Blaylock, and Bruce Zucker, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn McGahey Webb, Scott A. Taryle, Supervising Deputy Attorneys General, for Plaintiff and Respondent.